## INTERFERENCE WITH RAILWAY TRACKS IN BUILDING SEWER.

Circuit Court of Mahoning County.

THE MAHONING VALLEY RAILWAY COMPANY v. JOHN GRADY.

Decided, December 26, 1911.

*Contract—Agreement to so Construct Sewer as Not to Interfere with Railroad—Ordinary Care Measure of Duty.*

Under a covenant in an agreement between a contractor building a sewer in a city street and a street railroad company operating a street railroad in the same street, that the contractor "will construct said sewer south of the south or east bound tracks of second party and far enough therefrom so as not to interfere with said tracks or the ties and foundations supporting the same," ordinary care in the construction of the sewer is the measure of the contractor's duty.

*Arrel, Wilson & Harrington,* for plaintiff in error.

*S. S. Conroy,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand in the relation opposite to that in which they stood below. There the action was brought to recover $755 with interest, being the balance alleged by the plaintiff below to be due upon an agreement between the parties, as follows:

"This agreement made and entered into by and between John Grady, of Youngstown, Ohio, first party, and the Mahoning Valley Railway Company, a corporation, second party, WITNESSETH, That:

"WHEREAS, first party has a contract with the city of Youngstown for the construction of a sewer from Central Square to Spring Common in said city, and the specifications for said sewer call for its construction in the middle of the street, beneath the tracks of second party, and second party desires to have said sewer constructed south of its south or east bound tracks, and first party is willing to so construct said sewer, under the conditions hereinafter set forth:

"*Now, Therefore,* first party and second party do agree as follows:

"First. First party agrees that from Central Square to Deibel's store, he will construct said sewer south of the south or east

bound tracks of second party, and far enough therefrom as not to interfere with said tracks or the ties and foundations supporting same; that from Deibel's store to Spring Common, he will construct said sewer far enough from the north or west bound track as not to interfere with the operation and movement of cars thereon, or the ties and foundations supporting said north bound track.

"Second. First party agrees that he will excavate for, furnish all material and labor, lay and construct such lateral sewer connections at such points, in the manner, and in such number, as the city engineer of the city of Youngstown shall designate, and agree to accept in full payment therefor, the sum of one dollar and twenty-five cents ($1.25) per lineal foot of such lateral sewer connections; second party to pay only for the additional lateral connection required by reason of the construction of the sewer on the south side of Federal street instead of in the center of said street; as originally specified by the city of Youngstown.

"First party further agrees to so construct said sewer as to at all times permit the free operation of cars on the northwest bound track of second party between Central Square and Spring Common, and not to obstruct said track between said points, nor in any manner to interfere with the operation of the cars thereon.

"Second party, in consideration of the agreements of first party, agrees to pay first party the sum of twenty-two hundred dollars ($2,200.00); and further agrees to remove its south or east bound track between Deibel's store and Spring Common.

"It is mutually understood and agreed, that temporary crossovers shall be installed at, or near Central Square, and Deibel's store, and at points intervening, in order that the movement of cars between said points shall not be unnecessarily interfered with; and that first party shall prosecute the work of constructing said sewer to its earliest possible completion. It being the intent and purpose of this agreement that the operation of cars on the north or west bound track shall not at any time be interfered with or obstructed or the traffic thereon delayed.

"Third. The terms, conditions, covenants and agreements herein contained shall extend to and be binding upon respective heirs, administrators, successors and assigns of the parties hereto.

"Witness the signatures of the respective parties hereto to duplicates hereof, this 15 day of August, A. D. 1907.

"JOHN GRADY,

"THE MAHONING VALLEY RAILWAY COMPANY,

by R. MONTGOMERY,

"VICE-PRESIDENT.

"In presence of
    "W. H. McMillin.
"The above agreement is approved by us this 16th day of
August, A. D. 1907.
                              "D. Heinselman.
                              "P. Hagen,
                              "J. E. Rudge,
              "*Board of Public Service, Youngstown, Ohio.*"

To this cause of action an answer and cross-petition were filed,
admitting the plaintiff's claim, except as the same should be off-
set by defendant's counter-claim. Upon this matter the de-
fendant alleged:

"That plaintiff, in violation of the terms of said agreement,
failed and neglected to so construct said sewer as not to interfere.
with said tracks and not to interfere with the ties and founda-
tions supporting the same, but did construct said sewer upon
such location and in such a manner as that the ties and founda-
tions supporting the tracks of this defendant and the tracks
were undermined,—caused to become depressed and out of align-
ment, and in such a condition as to interfere with and endanger
the passage of cars thereover; that upon the completion of said
sewer, this defendant was put to large expense by reason of
being compelled to re-set said ties, foundations and tracks, and
to repair, re-surface, and align the same, and that in consequence
of the violation by plaintiff of the terms of said contract above
set forth, and in the respects above set forth this defendant com-
pany has been damaged in the sum of one thousand dollars
($1,000)."

Other pleadings were filed by which issue was joined, and upon
the trial, plaintiff recovered a verdict and judgment of $400,
which does not allow enough of the counter-claim, according to
the plaintiff in error here.

The chief error assigned is upon the court's instructions in
the charge to the jury, that ordinary care in constructing the
sewer was the measure of defendant in error's duty. It is urged
that the court should have charged the jury that the defendant's
undertaking to save the railway company's tracks and substruc-
tures from injury in consequence of the sewer excavation, was an
absolute duty under the terms of the contract.

We recognize that the contract might conceivably have been such as to require the defendant in error at all events to prevent injury to the railway company's property from his work. But as we construe the contract actually made by the parties, it contains no such covenant. Grady agreed to construct his sewer south of the tracks "and far enough therefrom as not to interfere with said tracks or the ties or foundations supporting same."

The court charged, at the request of the plaintiff, and as we think correctly, as follows:

"If you find that plaintiff constructed the sewer in the proper place, that is, as far south as in the situation it possibly could be done, and that, in doing it, he exercised ordinary care, as between himself and the defendant railroad company, then the defendant would not be entitled to be compensated under their counter-claim."

We find no error in this record, and the judgment is affirmed.